```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                      :
JOHN DELLOBUONO,                      :
                                      :
         Petitioner,                  :   Civ. No. 15-5689 (NLH)
                                      :
    v.                                :   OPINION
                                      :
WARDEN OF SOUTHWOODS                  :
    STATE PRISON, et al.,             :
                                      :
         Respondents.                 :
_____:

APPEARANCES:
John Dellobuono, #20778B-608772
Southwoods State Prison
215 Burlington Road
Bridgeton, NJ 08302
    Petitioner Pro se

HILLMAN, District Judge

     Petitioner John Dellobuono, a prisoner confined at Southwoods State Prison in Bridgeton, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2008 New Jersey state court conviction.

     The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an

affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. CIV. R. 81.2(c).

   Although Petitioner submitted a complete in forma pauperis application, his certified prison account statement indicates that the greatest amount on deposit in his account during the six-month period prior to the date of the certification was $287.97.  Furthermore, as of June 18, 2015, Petitioner's account balance was $232.69.  As stated above, pursuant to Local Civil Rule 81.2(c), a petitioner shall not be considered eligible to proceed in forma pauperis if the institutional account of the petitioner exceeds $200.  Therefore, Petitioner in this case is ineligible for in forma pauperis status and his request will be denied.

   Accordingly, this matter will be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by paying

2

the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a).

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1]  Petitioner will be granted leave to apply to reopen within 30 days, by prepaying the filing fee.

An appropriate Order will be entered.

```
                              ___s/ Noel L. Hillman_____
                              NOEL L. HILLMAN
                              United States District Judge
```

Dated: July 27, 2015
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).