UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____ :
                                  :
JOHN DELLOBUONO,                  :
                                  :
          Petitioner,             :   Civ. No. 15-5689 (NLH)
                                  :
     v.                           :   OPINION
                                  :
WARDEN SOUTHWOODS STATE           :
     PRISON, et al.,              :
                                  :
          Respondents.            :
_____ :

APPEARANCES:
John Dellobuono, #20778B-608772
Southwoods State Prison
215 Burlington Road
Bridgeton, NJ 08302
     Petitioner Pro se


HILLMAN, District Judge

     Petitioner John Dellobuono, a prisoner confined at

Southwoods State Prison in Bridgeton, New Jersey, files this

writ of habeas corpus under 28 U.S.C. § 2254, challenging his

2008 New Jersey state court conviction.  For the reasons

discussed below, the Petition is dismissed without prejudice as

time-barred under 28 U.S.C. § 2244(d).

                  I.   BACKGROUND

     Petitioner filed this § 2254 habeas petition on or about

July 22, 2015. (ECF No. 1).  According to the allegations

contained in the Petition, Petitioner pled guilty to one count

of first degree kidnapping, in violation of N.J.S.A. 2C:13-
2b(1), in the Superior Court of New Jersey, Law Division, Camden
County.  He was sentenced on May 2, 2008 to 13 years'
imprisonment subject to the No Early Release Act (NERA), with
85% of the sentence to be served before being eligible for
parole. (Pet. 2, ECF No. 1).

Petitioner did not file a direct appeal.  Instead, on April
21, 2011 — nearly three years after he was sentenced —
Petitioner filed a petition for Post-Conviction Relief ("PCR").
(Pet. 4, ECF No. 1).  The PCR Court denied his petition on
November 9, 2012. (Pet. 4, 9-10, 12 ECF No. 1).  The appellate
division affirmed the PCR Court's denial on September 5, 2014.
(Pet. 9, ECF No. 1); see State v. Dellobuono, No. A-2387-12T4,
2014 WL 4375683, at *1 (N.J. Super. Ct. App. Div. Sept. 5,
2014).  The New Jersey Supreme Court denied certification on
March 27, 2015. (Pet. 13, ECF No. 1); see State v. Dellobuono,
221 N.J. 286, 112 A.3d 592 (2015).  Petitioner then filed this
petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II.  STATUTE OF LIMITATIONS ANALYSIS

The governing statute of limitations under the
Antiterrorism and Effective Death Penalty Act ("AEDPA") is found
at 28 U.S.C. § 2244(d), which states in relevant part:

(1) A 1-year period of limitation shall apply to an
application for a writ of habeas corpus by a person in

2

custody pursuant to a judgment of a State court. The
limitation period shall run from the latest of-

> (A) the date on which the judgment became final by
> the conclusion of direct review or the expiration of
> the time for seeking such review;

...

> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d); see also, Jones v. Morton, 195 F.3d 153,

157 (3d Cir. 1999).

Pursuant to § 2244(d), evaluation of the timeliness of a §

2254 petition requires a determination of, first, when the

pertinent judgment became "final," and, second, the period of

time during which an application for state post-conviction

relief was "properly filed" and "pending."  The judgment is

determined to be final by the conclusion of direct review, or

the expiration of time for seeking such review, including the

ninety-day period for filing a petition for writ of certiorari

in the United States Supreme Court. See Gonzalez v. Thaler, 132

S.Ct. 641, 653–54 (2012).

Here, Petitioner was sentenced on May 2, 2008.  Under New

Jersey state law, Petitioner had 45 days after the imposition of

the sentence in which to file a direct appeal. N.J. Ct. R. 2:4-

1(a).  Petitioner concedes that he did not pursue a direct

appeal. Thus, Petitioner's conviction became final for purposes of § 2244(d) — and the one-year statute of limitations period began to run — on June 16, 2008, when the 45 day period in which to file a direct appeal expired. Unless the statute of limitations was tolled, the applicable statute of limitations would have expired a year later, on June 16, 2009.

Normally, a properly filed PCR application will statutorily toll the AEDPA limitations period. See 28 U.S.C. § 2244(d)(2). However, Petitioner in this case did not file his PCR application until April 21, 2011, long after the one-year period for the filing of a petition pursuant to § 2254 had expired. Thus, the fact that Petitioner sought post-conviction relief does nothing to change to fact that the one-year statute of limitation expired on June 16, 2009. See Long v. Wilson, 393 F.3d 390, 394–95 (3d Cir. 2004) (state PCR petition had no effect on tolling because the limitations period had already run when it was filed).

With no apparent statutory tolling, Petitioner's federal habeas petition is untimely, having been filed on April 21, 2011, almost two years after the June 16, 2009 expiration of the one-year limitations period. Accordingly, this federal habeas petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

4

In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649-50 (2010); Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013).  A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653.  "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted); see also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").  Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799;

5

Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due
diligence does not require the maximum feasible diligence, but
it does require diligence in the circumstances.") (internal
quotation marks and citations omitted).

The court also must determine whether extraordinary
circumstances exist to warrant equitable tolling. "[G]arden
variety claim[s] of excusable neglect" by a petitioner's
attorney do not generally present an extraordinary circumstance
meriting equitable tolling. Holland, 560 U.S. at 651 (citations
omitted); see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir.
2003).  Rather, equitable tolling can be triggered only when
"the principles of equity would make the rigid application of a
limitation period unfair, such as when a state prisoner faces
extraordinary circumstances that prevent him from filing a
timely habeas petition and the prisoner has exercised reasonable
diligence in attempting to investigate and bring his claims."
LaCava, 398 F.3d at 275-276; see also Holland, 560 U.S. at 648-
49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89
(holding that equitable tolling should be applied sparingly, and
only when the "principles of equity would make the rigid
application of a limitation period unfair") (citations omitted).

Indeed, extraordinary circumstances have been found only
where: (a) the respondent has actively misled the plaintiff, (b)
the petitioner has in some extraordinary way been prevented from

asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In his habeas petition, Petitioner gives no explanation for the delay in bringing his state PCR petition which would allow this Court to consider equitable tolling.  Accordingly, the petition will be dismissed as untimely.

This dismissal is without prejudice to Petitioner filing a motion to re-open this case for consideration of statutory or equitable tolling issues. United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (holding that district courts should provide petitioners with notice and opportunity to respond to a finding of untimeliness).

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citation omitted), cited in United States v. Williams, 536 F. App'x 169, 171 (3d Cir. 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000), cited in Kaplan v. United States, No. 13-2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability shall issue.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d), and a certificate of appealability will not issue accordingly.  This dismissal is without prejudice, however, to Petitioner filing a motion to reopen this case within 60 days of the date of this Order for consideration of equitable tolling issues.

An appropriate Order follows.


_____s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: October 27, 2015
At Camden, New Jersey