UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JOHN DELLOBUONO,                    :
                                    :
        Petitioner,                 :   Civ. No. 15-5689 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN SOUTHWOODS STATE              :
    PRISON, et al.,                 :
                                    :
        Respondents.                :
_____:

APPEARANCES:
John Dellobuono, #20778B-608772
Southwoods State Prison
215 Burlington Road
Bridgeton, NJ 08302
    Petitioner Pro se


HILLMAN, District Judge

    Presently before the Court is a Motion to Reopen (ECF No. 7) by Petitioner John Dellobuono. For the reasons set forth below, Petitioner's motion will be DENIED.


                I.   BACKGROUND AND PROCEDURAL HISTORY

    Petitioner, a prisoner confined at Southwoods State Prison in Bridgeton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2254 on or about July 22, 2015. (ECF No. 1).

According to the allegations contained in the Petition, Petitioner pled guilty to one count of first degree kidnapping, in violation of N.J.S.A. 2C:13-2b(1), in the Superior Court of New Jersey, Law Division, Camden County.  He was sentenced on May 2, 2008 to 13 years' imprisonment subject to the No Early Release Act (NERA), with 85% of the sentence to be served before being eligible for parole. (Pet. 2, ECF No. 1).

Petitioner did not file a direct appeal.  Instead, on April 21, 2011 — nearly three years after he was sentenced — Petitioner filed a petition for Post-Conviction Relief ("PCR"). (Pet. 4, ECF No. 1).  The PCR Court denied his petition on November 9, 2012. (Pet. 4, 9-10, 12 ECF No. 1).  The appellate division affirmed the PCR Court's denial on September 5, 2014. (Pet. 9, ECF No. 1); see State v. Dellobuono, No. A-2387-12T4, 2014 WL 4375683, at *1 (N.J. Super. Ct. App. Div. Sept. 5, 2014).  The New Jersey Supreme Court denied certification on March 27, 2015. (Pet. 13, ECF No. 1); see State v. Dellobuono, 221 N.J. 286, 112 A.3d 592 (2015).  Petitioner then filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 22, 2015.

In an Order dated October 27, 2015, this Court dismissed the Petition without prejudice as time-barred under 28 U.S.C. § 2244(d).  Petitioner was granted leave to file a motion to reopen this case within 60 days of the date of this Order for

2

consideration of equitable tolling issues.  On or about December 28, 2015, Petitioner filed the instant motion and argues that the statute of limitations should be tolled, and his Petition should be deemed timely filed, for equitable reasons.

## II.   DISCUSSION

The Court's October 27, 2015 Opinion (ECF No. 2) included a thorough discussion as to the statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and the timeliness of the instant Petition.  The details of that analysis need not be repeated here; and the Court notes only that the Petition was filed beyond the one-year statute of limitations. See 28 U.S.C. § 2244(d); see also, Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999); Long v. Wilson, 393 F.3d 390, 394–95 (3d Cir. 2004) (state PCR petition had no effect on tolling because the limitations period had already run when it was filed).  Petitioner does not challenge this determination. Instead, Petitioner argues that extraordinary circumstances exist to justify equitable tolling of the limitations period.

A. EQUITABLE TOLLING

In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50 (2010); Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013).  A

3

litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653.  "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted); see also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").  Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (internal quotation marks and citations omitted).

4

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651 (citations omitted); see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava, 398 F.3d at 275-276; see also Holland, 560 U.S. at 648-49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair") (citations omitted).

Indeed, extraordinary circumstances have been found only where: (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225,

5

230 (3d Cir. 2005). Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

B. ANALYSIS

Petitioner devotes the majority of his motion to his argument that extraordinary circumstances stood in the way of him filing an appeal. However, as set forth above, even assuming that extraordinary circumstances existed, Petitioner must show that he exercised reasonable diligence in order to invoke equitable tolling. See Brown, 322 F.3d at 773. With respect to his reasonable diligence, Petitioner recites the procedural history of his case. Namely, he explains that he was sentenced in 2008, that he did not file a direct appeal, and that he filed a PCR petition almost three years after his sentence. (Mot. 3, ECF No. 7). Petitioner notes that the PCR court denied his petition, that the state appellate court affirmed the denial, and that the New Jersey Supreme Court denied certification on March 27, 2015. Petitioner then states

6

"Petitioner filed his writ of habeas corpus; some 120 days after his State Court remedies became final.  Therefore, it appears that Petitioner's [sic] exercised within reasonable diligence [sic] in pursuing his appeals in State Court." (Id.).  This argument is unavailing.

A recitation of the procedural history of this case does nothing to establish reasonable diligence.  Although Petitioner may successfully argue reasonable diligence in pursuing his rights after exhausting his remedies in PCR court, Petitioner does not adequately explain his lack of diligence in pursuing his rights during the nearly three-year time period between his sentencing date and the filing of his PCR petition.  As set forth above, tolling requires that a petitioner show he acted with reasonable diligence during the time period he seeks to toll. Holland, 560 U.S. at 653-54.  Therefore, the Court's subjective analysis of a petitioner's diligence, see Ross, 712 F.3d at 799, includes consideration of his behavior throughout the entire period between his conviction and subsequent filings. See Alicia, 389 F. App'x at 122; see also Markus v. United States, No. 15-7545, 2015 WL 8490959, at *5 (D.N.J. Dec. 10, 2015).

Here, even assuming that an extraordinary circumstance existed which prevented Petitioner from filing his appeal, Petitioner does not explain why he waited nearly 3 years to file

7

his PCR petition or otherwise seek, or inquire about, post-conviction relief. See, e.g., Markus, No. 15-7545, 2015 WL 8490959, at *5 (citing Ross, 712 F.3d at 799-800) ("[A] petitioner who sits on his rights for a significant portion of [the time period between his conviction and filing] after the extraordinary circumstances in question no longer barred his filing will not warrant tolling.").

Furthermore, the Court notes that Petitioner has not demonstrated that an extraordinary circumstance existed which prevented him from filing a timely habeas petition. In his motion, Petitioner appears to assert that he was prevented from filing a direct appeal because his trial counsel failed to properly explain his rights, and because he received conflicting information from the judge at sentencing. Specifically, although Petitioner concedes that his counsel discussed his "appeal rights form" at the time he signed it, and that the sentencing judge "explained to him that he had 45 days from the day of sentencing to file a Notice of Appeal," Petitioner asserts that both his counsel and the judge failed to explain that it was not necessary to waive his right to appeal as a condition of the plea. (Mot. 4, ECF No. 7). In support of this argument, Petitioner attaches part of the transcript from his sentencing hearing.

8

Petitioner's argument does not establish the existence of an extraordinary circumstance. The transcript attached to Petitioner's motion suggests — and Petitioner does not dispute — that he entered knowingly and voluntarily into his plea agreement, which included a waiver of the right to appeal. (Mot. 8-12, Ex. 3: Transcript, ECF No. 7). Moreover, despite the fact that Petitioner waived his right to appeal as part of the negotiated plea, the record shows that two separate times during the sentencing hearing the sentencing judge clearly and unequivocally discussed the appeal process, including applicable deadlines, with Petitioner. (Id. at 10, 11). Finally, even assuming that Petitioner was misinformed regarding the requirement to waive his right to appeal, Petitioner has failed to explain how this misinformation served as an obstacle which prevented him from filing an appeal, a timely habeas petition, or otherwise seeking post-conviction relief. See Ross, 712 F.3d at 802-03 (stating that the proper inquiry is how "severe an obstacle" the attorney's conduct was to the petitioner's filing a timely petition); see also Holland, 560 U.S. at 651 (holding that a "garden variety claim of excusable neglect" by a petitioner's attorney does not generally present an extraordinary circumstance meriting equitable tolling); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other

9

mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.") (citations omitted); White v. Pennsylvania, No. 02-6578, 2004 WL 1588233, at *2 (E.D. Pa. July 15, 2004) (holding that equitable tolling would not apply even if petitioner had directed his attorney to file an appeal and she failed to do so). Therefore, even accepting as true Petitioner's assertion that "it was not necessary to waive his right to appeal as a condition of the plea" (Id. at 4), Petitioner has failed to show extraordinary circumstances which would warrant equitable tolling. Accordingly, Petitioner's motion to reopen will be denied.

### III. CERTIFICATE OF APPEALABILITY[1]

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only

---

[1] It is unclear whether a certificate of appealability is required to appeal the denial of a motion to reopen. See, e.g., McPherron v. Dist. Attorney of Cty. of Chester, 621 F. App'x 704, 707 (3d Cir. 2015) (citing Morris v. Horn, 187 F.3d 333, 340-41 (3d Cir. 1999) and Wilson v. Sec'y Pa. Dep't of Corr., 782 F.3d 110, 115 (3d Cir. 2015)) (discussing whether a certificate of appealability is required to appeal the denial of habeas-related Rule 60(b) motions). To the extent a certificate of appealability is required, this Court declines to grant one for the reasons discussed.

if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citation omitted), cited in United States v. Williams, 536 F. App'x 169, 171 (3d Cir. 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000), cited in Kaplan v. United States, No. 13-2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability shall issue.

11

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that Petitioner is not entitled to equitable tolling and the § 2254 habeas petition is untimely filed under 28 U.S.C. § 2244(d). Accordingly, Petitioner's motion to reopen is denied.

An appropriate Order follows.

                                            ___s/ Noel L. Hillman_____
                                            NOEL L. HILLMAN
                                            United States District Judge

Dated: May 31, 2016
At Camden, New Jersey