```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

```
_____
                            :
JOHN DELLOBUONO,            :
                            :
         Petitioner,        :   Civ. No. 15-5689 (NLH)
                            :
    v.                      :   OPINION
                            :
WARDEN SOUTHWOODS STATE     :
PRISON, et al.,             :
                            :
         Respondents.       :
_____:
```

APPEARANCES:
John Dellobuono, #20778B-608772
Southwoods State Prison
215 Burlington Road
Bridgeton, NJ 08302
    Petitioner Pro se

HILLMAN, District Judge

    Presently before the Court is a Motion for Reconsideration (ECF No. 11) by Petitioner John Dellobuono ("Petitioner"). For the reasons set forth below, Petitioner's motion will be DENIED.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

    Petitioner, a prisoner confined at Southwoods State Prison in Bridgeton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2254 on or about July 22, 2015. (ECF No. 1). According to the allegations contained in the Petition, Petitioner pled guilty to one count of first degree kidnapping, in violation of N.J.S.A. 2C:13-2b(1), in the Superior Court of

New Jersey, Law Division, Camden County.  He was sentenced on May 2, 2008 to 13 years' imprisonment subject to the No Early Release Act (NERA), with 85% of the sentence to be served before being eligible for parole. (Pet. 2, ECF No. 1.)

Petitioner did not file a direct appeal.  Instead, on April 21, 2011 — nearly three years after he was sentenced — Petitioner filed a petition for Post-Conviction Relief ("PCR"). (Pet. 4, ECF No. 1.)  The PCR Court denied his petition on November 9, 2012. (Pet. 4, 9-10, 12 ECF No. 1.)  The Appellate Division affirmed the PCR Court's denial on September 5, 2014. (Pet. 9, ECF No. 1); see State v. Dellobuono, No. A-2387-12T4, 2014 WL 4375683, at *1 (N.J. Super. Ct. App. Div. Sept. 5, 2014).  The New Jersey Supreme Court denied certification on March 27, 2015. (Pet. 13, ECF No. 1); see State v. Dellobuono, 112 A.3d 592 (N.J. 2015).  Petitioner then filed this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on July 22, 2015.

In an Order dated October 27, 2015, this Court dismissed the Petition without prejudice as time-barred under 28 U.S.C. § 2244(d).  Petitioner was granted leave to file a motion to reopen this case within 60 days of the date of this Order for consideration of equitable tolling issues.  On or about December 28, 2015, Petitioner filed a Motion to Re-Open, arguing that the statute of limitations should be tolled, and his Petition should

2

be deemed timely filed, for equitable reasons.  (ECF No. 7.)  On May 31, 2016, the Court entered an Opinion and Order denying Petitioner's Motion to Re-Open and finding that Petitioner was not entitled to equitable tolling.  (ECF Nos. 9-10.)  On July 28, 2016, Petitioner filed the instant Motion for Reconsideration.  (ECF No. 11.)

**II.  DISCUSSION**

A motion for reconsideration may be treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i).  The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Id.  A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001), and mere

3

disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999).

Here, Petitioner explicitly states that he brings this motion pursuant to Local Civil Rule 7.1.  (Mot. 2, ECF No. 11.)  However, a motion for reconsideration pursuant to Rule 7.1 must be filed within 14 days after the entry of the order or judgment on the original motion.  L. Civ. R. 7.1(i).  The Court's Opinion and Order dismissing the Petition was entered on May 31, 2016 and received by Petitioner shortly thereafter.  (Mot. ¶ 1.)  Petitioner did not file his Motion for Reconsideration until July 28, 2016, well beyond the 14 day time limit.  Similarly, even if the Court were to construe this Motion as one pursuant to Federal Rule of Civil Procedure 59, such a motion would also be untimely as the time limit under that rule is 28 days.  Fed. R. Civ. P. 59(e).  Finally, while a motion under Federal Rule of Civil Procedure 60(b) would be timely, Petitioner cannot meet any of the grounds required for relief under that rule.  See Fed. R. Civ. P. 60(b)("the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

4

move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party…")

As such, the Court will dismiss Petitioner's motion for reconsideration as untimely.[1]  An appropriate order follows.

                                               s/ Noel L. Hillman
                                               NOEL L. HILLMAN
                                               United States District Judge

Dated: February 28, 2017
At Camden, New Jersey

---

[1] Even if Petitioner's motion was not untimely, the Court would nevertheless deny relief.  Petitioner has not alleged an intervening change in the controlling law; the availability of new evidence that was not available; or the need to correct a clear error of law or fact or to prevent manifest injustice.  Instead, he simply appears to disagree with the Court's conclusion that extraordinary circumstances were not present and Petitioner had not exercised due diligence in pursuing his rights.  However, mere disagreement with the Court's decision is not a basis for reconsideration. United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999).